IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BLAS FIGUEROA-JACINTO,<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:16-CV-722 TS<br>Criminal Case No. 2:15-CR-182 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I.  BACKGROUND

On April 1, 2015, the government filed a Complaint against Petitioner and his co-defendant. Petitioner was charged by way of a Felony Information on April 7, 2015, charging him with possession of methamphetamine with intent to distribute. This charge arose as a result of a traffic stop conducted on March 22, 2015, during which narcotics were found.

Petitioner pleaded guilty on April 27, 2015. Prior to sentencing, a Presentence Report was prepared. Petitioner's counsel objected to the Presentence Report, arguing that Petitioner should have received a downward departure for his role as a minimal participant. The Court rejected this argument and sentenced Petitioner to a term of 60 months, three months below the low-end of the final guideline range. Petitioner did not file a direct appeal.

II.  DISCUSSION

Petitioner's Motion raises seven claims.  First, Petitioner argues that his counsel was ineffective for failing to challenge the legality of the stop of the vehicle.  Second, Petitioner contends that his counsel was ineffective for failing to argue for a lower sentence.  Third, Petitioner states that his counsel was ineffective for failing to mention Petitioner's disagreement with the police report.  Fourth, Petitioner claims that his counsel did not adequately explain the Presentence Report to him.  Fifth, Petitioner states that his counsel lied when he stated that he had reviewed the Presentence Report with Petitioner.  Sixth, Petitioner complains that his counsel failed to explain the appeals process to him.  Finally, Petitioner argues that the Court abused its discretion in imposing a sentence of 60 months.

The majority of Petitioner's claims relate to the ineffective assistance of counsel.  The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel.  "To determine ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[1]  To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[3]  In

---

[1] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[2] *Strickland*, 466 U.S. at 694.

[3] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[4] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[5]

Petitioner first argues that his counsel was ineffective for failing to challenge the legality of the stop of the vehicle. Petitioner argues that he was stopped by the police because the plates were expired, yet he contends they were not. Petitioner also argues that the police report inaccurately stated that he and his co-defendant were drinking alcohol and using drugs, which he states is also untrue.

Petitioner's argument misreads the police report. The vehicle in which Petitioner was a passenger was not stopped for expired plates. Rather, the officer stopped the vehicle because the registration was not on file. The lack of registration was sufficient to provide reasonable suspicion to conduct a stop of the vehicle.[6] Thus, counsel's performance was not deficient for failing to challenge the search on this ground. Petitioner also takes issue with the police report for indicating that he and his co-defendant were drinking alcohol and using drugs. However, an examination of the police report contains no such statements. Rather, the officer asked if there were drugs in the car and the co-defendant admitted that there was alcohol. However, there is no indication that the officer believed that Petitioner and his co-defendant were using drugs or alcohol. Importantly, there is no evidence that any alleged use of drugs or alcohol led to the stop

---

[4] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[5] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

[6] *See United States v. Esquivel-Rios*, 725 F.3d 1231, 1235 (10th Cir. 2013).

or prolonged the detention. Instead, the officer searched the vehicle after a K-9 had indicated the presence of narcotics. Therefore, this claim fails.

Petitioner next argues that his counsel was ineffective for failing to argue for a lower sentence. Petitioner's argument is not supported by the record. Petitioner's counsel sought a reduction based on Petitioner's limited role in the offense and, even after the Court rejected counsel's request for a downward departure, continued to argue for a sentence below the low-end of the guidelines. Petitioner's lack of criminal history was factored into the Court's sentencing determination and was specifically mentioned at sentencing. Petitioner's counsel was successful in receiving a reduced sentence, as the Court sentenced Petitioner below the guideline range. Thus, Petitioner has not shown that counsel's performance was deficient or that he was prejudiced.

Petitioner argues that his counsel was ineffective for failing to mention Petitioner's disagreement with the police report. Petitioner claims that the police report stated that he had drugs on him and that he was driving the vehicle, neither of which he states are true. First, the police report makes clear that Petitioner was the passenger, not the driver. Thus, there can be no deficient performance related to this alleged inaccuracy. Second, the police report did state that a user amount of cocaine was found in Petitioner's wallet after being booked into jail. However, Petitioner was not charged for this conduct and it did not affect his sentence. Thus, any alleged failure on counsel's part to dispute this statement did not prejudice petitioner.

Petitioner next claims that his counsel did not adequately explain the Presentence Report to him and that his counsel lied when he stated that he had gone over the Presentence Report with Petitioner. Petitioner's arguments are belied by the record. Counsel stated that he had gone

over the Presentence Report with Petitioner with the help of an interpreter and Petitioner stated that he had sufficient time to discuss the Presentence Report with his counsel. Petitioner's unsupported statements are insufficient to contradict the statements he made at the sentencing hearing. Therefore, they do not provide a basis for relief. Further, Petitioner points to no prejudice as a result of counsel's alleged failure to explain the Presentence Report. None of Petitioner's claims here are based on any alleged inaccuracies in that report.

Petitioner next complains that his counsel failed to explain the appeals process to him. Importantly, Petitioner does not allege that counsel failed to file an appeal after being instructed to do so. There is no evidence that Petitioner requested his counsel file an appeal. Any deficient performance on counsel's part in failing to explain the appeal process could not result in prejudice. At sentencing, the Court explained to Petitioner that he had the right to appeal, that he needed to file any appeal within 14 days of the judgment being entered, that an attorney could be appointed to pursue the appeal if Petitioner could not afford one, that he could apply for leave to appeal *in forma pauperis*, and that the Clerk of the Court would prepare and file a notice of appeal on his behalf. Based upon the Court's statements, the Court can find no prejudice based on counsel's alleged failure to explain the appeal process.

Finally, Petitioner argues that the Court abused its discretion in imposing a sentence of 60 months. Petitioner argues that the Court never considered factors for a lower sentence. As set forth above, this is simply not true. Petitioner also argues that his sentence is unfair because it is his first felony. The Court acknowledges that Petitioner has no prior felony convictions. However, there is nothing in the record to suggest that the sentence imposed was unlawful. Therefore, Petitioner is not entitled to relief.

## III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:16-CV-722 TS) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:16-CV-722 TS forthwith.

DATED this 3rd day of January, 2017.

BY THE COURT:

Ted Stewart
United States District Judge